```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


TERRANCE D. WILLIAMS,          :

     Petitioner,               :

v.                             :
                                    CIVIL ACTION 07-0745-CB-M
CHERYL PRICE,                  :

     Respondent.               :
```

REPORT AND RECOMMENDATION

This is an action filed under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be denied and dismissed.

Court records demonstrate that on April 6, 2004, Williams admitted guilt to violating federal supervisory conditions, having been arrested on February 12, 2004;[1] U.S. District Judge Steele entered judgment and ordered that Petitioner be committed to federal prison for twenty-seven months.  *USA v. Williams*, 96-

---

[1] According to Respondent, "[o]n December 6, 2004, Williams was found guilty in the Baldwin County Circuit Court for trafficking in cocaine [and was later] sentenced as a habitual felony offender to 20 years in the penitentiary" (Doc. 8, p. 1).

00163-004-WS-M (S.D. Ala. April 21, 2004) (Doc. 173).  In this action, Williams claims that he should receive credit toward his twenty-seven-month sentence for time served in state custody (Doc. 3).

Petitioner has filed this action under 28 U.S.C. § 2254, a statute which provides for habeas corpus actions for state court criminal offenders.  As Williams is challenging a sentence rendered pursuant to federal authority, his action should be brought pursuant to 28 U.S.C. § 2255.

Therefore, it is recommended that this action be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Cheryl Price and against Petitioner Terrance D. Williams.  The Court Clerk is **DIRECTED** to mail to Petitioner this Court's forms for filing a § 2255 action.

> MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
> AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
> <u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a

matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 8th day of April, 2008.

                                                 s/BERT W. MILLING, JR.
                                                 UNITED STATES MAGISTRATE JUDGE